```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  JOSEPH VOLFMAN,                                           :
                                                            :
                              Plaintiff,                    :
                                                            :           22-CV-10742 (VSB)
                  -against-                                 :
                                                            :                 ORDER
  MARRON PASTRY INC and 270                                 :
  BLEECKER STREET,                                          :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On December 20, 2022, Joseph Volfman ("Volfman" or "Plaintiff") initiated this action by filing a complaint. (Doc. 1.) On January 11, 2023, Plaintiff served Defendants Marron Pastry Inc. ("Marron") and 270 Bleecker Street LLC ("270 Bleeker," together with Marron, "Defendants") through the New York Secretary of State. (Docs. 7–8.) Although the deadline for Defendants to respond to Plaintiff's complaint was February 1, 2023, (Docs. 7–8), to date they have not appeared or answered.

On February 2, 2023, I entered an order directing the Plaintiff to seek a default judgment "in accordance with Rule 4(H) of my Individual Rules and Practices in Civil Cases by no later than February 15, 2023." (Doc. 9.) I warned Plaintiff that if he failed to do so "or otherwise demonstrate that he intends to prosecute this litigation, I may dismiss this case for failure to prosecute." (*Id.*) On February 15, 2023, Plaintiff sought an extension of time to move for default judgment. (Doc. 10.) I granted this request and gave Plaintiff an additional thirty days to seek default judgment. (Doc. 11.)

On March 15, 2023, Plaintiff filed proposed Certificates of Default and an affirmation in

support of the proposed certificates. (Docs. 12–15.) The Clerk of the Court entered the Certificates of Default as to both Defendants on March 16, 2023, (Docs. 16–17), but Plaintiff did not take any other action or request an extension of time to seek default judgment. On April 10, 2023, I ordered Plaintiff to comply with my Individual Rules and Practices in Civil Cases and properly seek a default judgment. (Doc. 18.) On April 24, 2023, Plaintiff filed a motion for default judgment, (Doc. 19), and an affirmation in support, (Doc. 20), but again did not comply with my Individual Rules. On May 10, 2023 I entered an order identifying the deficiencies in Plaintiff's application and granted Plaintiff one week to cure those deficiencies. (Doc. 21.) On May 17, 2023, Plaintiff filed a proposed order to show cause, (Doc. 22), an affirmation, (Doc. 23), a statement of damages, (Doc. 24), and a proposed default judgment, (Doc. 25).

On May 18, 2023, I entered an order to show cause for default judgment, in which I ordered that "Plaintiff shall serve Defendants with a copy of this Order by June 1, 2023, and shall file proof of service on or before June 8, 2023. Service shall be made by registered mail and by any email addresses used by Defendants and known to Plaintiff." (Doc. 26.) On May 31, 2023, Plaintiff filed a certificate of service, along with a United States Postal Service ("USPS") receipt and a USPS receipt for registered mail. (Doc. 27.)

Pursuant to Local Civil Rule 55.2(c), all papers submitted to the Court seeking a judgment by default are to be "mailed to the party against whom a default judgment is sought at … the last known business address of such party." According to Secretary of State's website, the registered address for Marron Pastry, Inc. is 3167 Coney Island Ave, 1st Floor, Brooklyn, NY, 11235 and for 270 Bleecker Street, LLC is 280 Madison Ave, Room 801, New York, NY 10016.[1] Plaintiff was aware of these addresses because they used them when filing their requests

---

[1] https://apps.dos.ny.gov/publicInquiry/EntityDisplay; https://apps.dos ny.gov/publicInquiry/EntityDisplay

for issuance of summons.  (Docs 3–4.)  Yet, Plaintiff served the order to show cause for default judgment via first class mail on Marron and 270 Bleecker at 270 Bleecker Street New York, NY 10014, an address that neither Defendant is registered to.  (Doc. 27.)  Because the default judgment motion was not served on Defendants, it does not comply with Local Rule 55.2.  Unsurprisingly, the tracking number for the package shows that the documents were never delivered.[2]  Due to Plaintiff's failure to properly serve Defendants, Plaintiff's motion for default judgment is denied.  *See Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043-DLI-SJB, 2019 WL 1450746, at *7 (E.D.N.Y. Jan. 28, 2019) (denying motion for default judgment for failure to properly serve Defendants).

This error is not Plaintiff's first.  After being given multiple extensions and requiring three Orders directing them to comply with the applicable rules for seeking a judgment by default, Plaintiff has refused to do so.  (*See* Docs. 9, 18, 21.)  With each Order, Plaintiff was warned that continued failure to comply will result in dismissal.  (*Id.*)  When deciding whether to dismiss a case under Rule 41(b), courts consider "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988) (internal quotation marks and citations omitted).  At least four of these factors weigh in favor of dismissal:  Plaintiff's failures have spanned several months, they have received repeated warnings that continued failures would result in dismissal, and I have

---

[2] https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=RF158030220US

taken steps to balance Plaintiff's right to due process and the efficacy of lesser sanctions by allowing Plaintiff three attempts to seek default judgment. Accordingly, this matter is hereby dismissed pursuant to Federal Rule of Civil Procedure 41(b). *See Garden City Boxing Club, Inc. v. Borinquen 444 Ass'n,* No. 05-CV-3691 (ARR) (RML), 2008 WL 842452, at *3 (E.D.N.Y. Mar. 28, 2008) (adopting report and recommendation) ("Since it is clear that plaintiff did not take advantage of the opportunity it was given to cure the glaring deficiencies in its first motion for default judgment, I recommend that its current motion be denied with prejudice and that no damages be awarded."); *see also United States v. Howard,* No. 5:12-CV-0117 LEK/ATB, 2014 WL 4265839, at *3 (N.D.N.Y. Aug. 27, 2014) (dismissing matter after "Plaintiff was given three chances to file a proper motion" and "failed to do so, despite the Court's notification that failure to file a compliant motion would result in dismissal.")

The Clerk of the Court is respectfully directed to terminate all pending gavels, adjourn the hearing scheduled for July 19, 2023 at 2:00 PM, and dismiss this matter.

SO ORDERED.

Dated: June 30, 2023
      New York, New York

                                              Vernon S. Broderick
                                              United States District Judge